IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Elby Pulliam,

      Plaintiff,

v.

Trans Union, LLC,
and Ditech Financial, LLC,

      Defendants.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1. Plaintiff, Elby Pulliam, is natural person who resides in Cobb County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Trans Union, LLC (hereinafter "Trans Union") is a credit bureau doing business in Georgia.

5. Trans Union regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant Ditech Financial, LLC (hereinafter "Ditech") does business in Georgia.

7. Ditech regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8. Ditech uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally,

jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. Venue is proper in this Court because a substantial part of the claims arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. On May 31, 2012, Plaintiff filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code in the Northern District of Georgia, case number 12-63486.

12. Plaintiff received a discharge of his debts by Order of the Bankruptcy Court, dated July 20, 2015.

13. At the time of his bankruptcy filing, Plaintiff had a mortgage with/being serviced by Ditech (hereinafter the "Mortgage Debt"). Plaintiff's Mortgage Debt was not discharged in Plaintiff's bankruptcy.

14. The Mortgage Debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Ditech acquired the servicing rights to Plaintiff's Mortgage Debt after Plaintiff defaulted on the Mortgage Debt.

16. On or about September 8, 2015, Plaintiff obtained a copy of his consumer reports as published by Trans Union.

17. Plaintiff's Trans Union consumer report contained erroneous information as provided by Ditech and published and reported by Trans Union. Specifically, the Defendants reported that Plaintiff's Mortgage Debt had a $0 balance and had been discharged in bankruptcy.

18. As Plaintiff's Mortgage Debt was not discharged in Plaintiff's bankruptcy, and Plaintiff continues to make regular payments on the Mortgage Debt, the information described above was both false and misleading.

19. In letters dated November 18, 2015, Plaintiff disputed the inaccurate and misleading information directly to Trans Union and Ditech, and advised both and all of the specific facts that rendered the reporting inaccurate and misleading.

20. Upon information and belief, Trans Union and Experian timely notified Ditech of Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

21. In a document dated November 25, 2015, Trans Union advised Plaintiff that it had researched Plaintiff's dispute and that it had completely investigated Plaintiff's dispute. Trans Union provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in his original dispute

letter. A true and correct copy of the relevant pages of this document is attached as "EXHIBIT A."

22. Despite having actual notice of specific facts that rendered the information in Plaintiff's consumer reports false and misleading, Ditech and Trans Union continued to report false and misleading information.

23. Ditech is a default servicer, and thus subject to the FDCPA.

24. Ditech's reporting of the Mortgage Debt to one or more consumer reporting agencies was in furtherance of Ditech's efforts to collect the Mortgage Debt.

25. Ditech is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for use in consumer reports.

26. Trans Union is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

27. Trans Union was required to communicate the specifics of Plaintiff's dispute to Ditech, in accordance with the requirements of 15 U.S.C. § 1681i. Likewise, Ditech had a duty to investigate Plaintiff's dispute and to accurately report and to accurately report its findings to Trans Union.

28. Defendant Trans Union had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline

information, notwithstanding the information it received from Defendant Ditech.

29. Both Trans Union and Ditech, independently and jointly, breached their duties as described above.

30. Due to Trans Union's and Ditech's respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the tradeline on Plaintiff's Trans Union consumer report does not accurately and correctly reflect the true and correct details of Plaintiff's Mortgage Debt, and still shows the Mortgage Debt as having a $0 balance and discharged in bankruptcy.

31. Trans Union's, and Ditech's actions and omissions were willful. As such, Plaintiff is eligible for statutory damages.

32. As a result of Trans Union's and Ditech's actions and omissions, Plaintiff has suffered actual damages, including without limitation mail expense, mileage expense, and lost time from work incurred after his dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, suppression of his credit score, and detriment to his credit rating.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e and 1681i
### (Trans Union)

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report.

36. Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

37. As a result of Trans Union's violations of §§ 1681e and 1681i, Plaintiff has suffered actual damages, including without limitation, suppression of Plaintiff's credit score, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to Plaintiff's credit rating

and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

38. Trans Union's actions and omissions were willful, rendering Trans Union liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

39. Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### (Ditech)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Ditech willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

42. As a result of Ditech's violations of § 1681s-2(b), Plaintiff has suffered actual damages in challenging Ditech's wrongful representations, including without limitation, mail expense, mileage expense, and lost time from work

incurred after his dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, suppression of his credit score, and detriment to his/her credit rating. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

43. Ditech's actions and omissions were willful, rendering Ditech liable for punitive damages, and actual or statutory damages pursuant to 15 U.S.C. § 1681n.

44. Plaintiff is entitled to recover costs and attorney's fees from Ditech pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
### (Ditech)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Ditech's foregoing actions and omissions in connection with its attempts to collect the Mortgage Debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

47. As a result of Ditech's violations of the FDCPA, Plaintiff has suffered actual damages in challenging Ditech's wrongful representations, including but not

limited to, mail expense, mileage expense, and lost time from work incurred after his dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, suppression of his credit score, and detriment to his/her credit rating. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

48. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Ditech $1,000 in statutory damages for each violation of the FDCPA, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against Ditech pursuant to 15 U.S.C. § 1692k;

e.) Reasonable attorney's fees and costs against Ditech pursuant to 15 U.S.C. § 1692k; and,

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of December, 2015.

*/s/ Paul J. Sieg*
Paul J. Sieg, Bar No.: 334182
*/s/ Matthew T. Berry*
Matthew T. Berry, Bar No.: 055663

Attorneys for Plaintiff
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com